**Ediberto MUJO-HERNANDEZ,**
**Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney**
**General, Respondent.**

No. 16-70026

United States Court of Appeals,
Ninth Circuit.

Submitted November 15, 2017 *

Filed November 21, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Shara Svendsen, Attorney, Law Office of Shara Svendsen, PLLC, Mill Creek, WA, for Petitioner

OIL, Yanal H. Yousef, Trial Attorney, Tracey McDonald, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: CANBY, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Ediberto Mujo-Hernandez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Mujo-Hernandez's contentions regarding any social group that he articulates for the first time on appeal and his contention as to a pattern and practice of persecution. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (exhaustion is mandatory and jurisdictional).

We do not consider any materials Mujo-Hernandez referenced in his opening brief

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (court's review is limited to the administrative record).

Substantial evidence supports the agency's determination that Mujo-Hernandez failed to establish a nexus between the harm he suffered and fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (desire to be free from harassment or random violence has no nexus to a protected ground).

Substantial evidence supports the agency's denial of CAT relief because Mujo-Hernandez failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.